**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

FILED
JAN 18 2022
Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

| | |
|---|---|
| EMERALD WILSON-BEY, | ) |
| | ) |
| Plaintiff, | ) |
| | )  Civil Action No. 1:21-cv-03397 (UNA) |
| v. | ) |
| | ) |
| U.S. DEPARTMENT OF JUSTICE, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

This matter is before the court on its initial review of plaintiff's *pro se* complaint, ECF No. 1, and application for leave to proceed *in forma pauperis*, ECF No. 2. The court will grant the *in forma pauperis* application and dismiss the case pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), by which the court is required to dismiss a case "at any time" if it determines that the action is frivolous.

"A complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint that lacks "an arguable basis either in law or in fact" is frivolous, *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and a "complaint plainly abusive of the judicial process is properly typed malicious," *Crisafi v. Holland*, 655 F.2d 1305, 1309 (D.C. Cir. 1981). Plaintiff has filed a rambling complaint consisting of unconnected anecdotes and incomprehensible wide-ranging conspiracy allegations against several government agencies. More specifically she contends that defendants "have been intercepting and monitoring [her] mobile and electronic communications, but personal and professional[,] since 2006, through wiretaps and other means. She further alleges that defendants have conspired to retaliate against

her by creating false criminal charges against her, causing her to be homeless, alienating her from her family, destroying her businesses opportunities and professional reputation, and attempting to infect her with viruses and otherwise murder her. Any potentially cognizable claims are entirely unclear.  She seeks millions in damages on behalf of herself and unnamed family members.

The court cannot exercise subject matter jurisdiction over a frivolous complaint.  *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974) ("Over the years, this Court has repeatedly held that the federal courts are without power to entertain claims otherwise within their jurisdiction if they are 'so attenuated and unsubstantial as to be absolutely devoid of merit.' ") (quoting *Newburyport Water Co. v. Newburyport*, 193 U.S. 561, 579 (1904)); *Tooley v. Napolitano*, 586 F.3d 1006, 1010 (D.C. Cir. 2009) (examining cases dismissed "for patent insubstantiality," including where the plaintiff allegedly "was subjected to a campaign of surveillance and harassment deriving from uncertain origins.").  A court may dismiss a complaint as frivolous "when the facts alleged rise to the level of the irrational or the wholly incredible," *Denton v. Hernandez*, 504 U.S. 25, 33 (1992), or "postulat[e] events and circumstances of a wholly fanciful kind," *Crisafi*, 655 F.2d at 1307-08.

The instant complaint satisfies this standard.  In addition to failing to state a claim for relief, the complaint is deemed frivolous on its face.  Consequently, the complaint and this case will be dismissed.  A separate order accompanies this memorandum opinion.

Date:  January 18, 2022

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge